```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                                   )
IN RE DAVID DANIEL COUTU           )
(Motion for Appointment of         )    Case. No.
Counsel)                           )    17-mc-91093-NMG
                                   )
_____)
```

**ORDER**

**GORTON, J.**

For the reasons set forth below, the Court denies the movant's request for appointment of counsel.

On April 3, 2017, David Daniel Coutu ("Coutu") filed with this Court a motion for the appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A and a financial affidavit in support thereof.  Coutu, a prisoner confined at MCI Shirley, asks that the Court appoint an attorney to represent him in a habeas proceeding under 28 U.S.C. § 2254 ("§ 2254").  He did not file a habeas petition with his motion and he does not have another action pending in this Court.

The Court denies the motion without prejudice.  Before the Court can appoint counsel for a proceeding under § 2254, Coutu must file a § 2254 habeas petition.  If, upon review of the petition and Coutu's financial affidavit, the Court determines that he is "financially eligible" and that the "the interests of justice so require," 18 U.S.C. § 3006A(a)(2), the Court may appoint counsel.[1]  In addition, if the Court decides to conduct

---

[1] In determining whether the interests of justice require the appointment of counsel, the Court must examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the complexity of the legal issues, the intricacy of any factual issues, and the petitioner's ability to represent himself.  See United States v. Guadalupe-Quinones,

an evidentiary hearing on the petition, counsel must be appointed. See Rule 8(c) of the Rules Governing Section 2254 Cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Accordingly, the motion for appointment of counsel is <u>DENIED WITHOUT PREJUDICE</u> to renewal if and when Coutu files a petition for a writ of habeas corpus under § 2254. The clerk shall provide Coutu with a form petition. This matter is <u>DISMISSED</u>.

**So ordered.**

                                                         /s/ Nathaniel M. Gorton
                                                     Nathaniel M. Gorton
                                                     United States District Judge

Dated: 4/10/17

---

65 Fed. Appx. 329, 333 (1st Cir. 2003); <u>Abdullah</u> v. <u>Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994).